UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BETTER PACKAGES, INC. | : | Civil Action No. 05-4477 (SRC) |
| Plaintiff, | : | |
| v. | : | |
| ALAN Y. ZHENG, et al., | : | |
| | : | **OPINION AND ORDER** |

**BONGIOVANNI, United States Magistrate Judge**

This matter comes before the Court upon a Motion by Plaintiff, Better Packages, Inc. (hereinafter "Plaintiff") for Expedited Discovery, Docket Entry #20. Defendants, McDonald Company Machines, McDonald Company, Inc., Shipping System & Supplies, Inc., John F. McDonald, Mary McDonald, Brian McDonald, John E. DuRose (individually and under the trade name BP Sales and Service) and Ronald Goldsmith (individually and doing business as Central Parts or R.G. Packaging) (hereinafter "Defendants"), oppose the Motion. For the reasons stated below, Plaintiff's Motion is DENIED.

**I.    Procedural History**

Plaintiff commenced this action by Complaint filed on September 7, 2005. Plaintiff's Complaint alleges: Count I - Infringement of Plaintiff's trademarks in violation of 15 U.S.C.A. §1114 and violations of the Court's prior Orders and the stipulations of the parties; Count II - appropriation of Plaintiff's name, reputation and goodwill and a violation of N.J.S.A. 56:4-1; Count III - false representations in violation of 15 U.S.C.A. §1125(a) and dilution of Plaintiff's trademark in violation of 15 U.S.C.A §1125(c) and N.J.S.A. 56:3-13.20; violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et.seq.; violation of the New Jersey Trafficking or

Attempting to Traffic in Counterfeit Marks Law, N.J.S.A. 56:3-13.16; interference with Plaintiff's economic advantage with its existing customers and users; unprivileged imitation and passing off; and civil conspiracy. Defendants filed their Answer to Plaintiff's Complaint with Counterclaim on October 25, 2005.

On February 17, 2006, Plaintiff filed a Motion for Expedited Discovery in anticipation of filing a Motion for Preliminary Injunction. Plaintiff filed the Motion for Preliminary Injunction on February 21, 2006.

## II.     Factual Background

The parties have a long and contemptuous history. Prior to the commencement of this present action, Plaintiff obtained a Temporary Restraining Order on October 17, 1994 enjoining John F. McDonald Company and other parties, including Defendant Zheng, from manufacturing, soliciting, advertising, promoting, merchandising, selling, distributing, servicing or otherwise imitating or passing off Durapak models 9500 or 9300, the model machine allegedly in violation of Plaintiff's trademark. A Preliminary Injunction Order was entered by this Court on November 9, 1994. The preliminary injunction enjoined McDonald from removing any equipment from any warehouse or storage facility. On April 22, 1998, as part of Defendant McDonald's bankruptcy proceedings, John F. McDonald Company and Shipping System and Supplies Inc. stipulated to be bound by the prior preliminary injunction and a permanent injunction entered against Defendant Zheng on April 24, 1995.

Plaintiff alleges that Defendants began manufacturing and arranging for the production of a new line of equipment under the "Phoenix" model name in 1995. Plaintiff admits that at the time the Phoenix models did not appear similar to any of Plaintiff's machines. However, in May

2004, Plaintiff discovered that Defendants, Sinacom China and/or Sinacom North America, allegedly began to manufacture a Better Packages' model machine under a Phoenix model name for McDonald.  Sinacom's production of the Phoenix model is the basis for this present action.

Plaintiff is seeking leave to conduct expedited discovery in preparation for a hearing on its Motion for Preliminary Injunction.  Plaintiff argues that the requested discovery is narrowly tailored to address only those issues likely to be raised in a hearing on the preliminary injunction and the requested discovery is necessary in order for Plaintiff to adequately prepare for a preliminary injunction hearing.  Defendants oppose Plaintiff's Motion and argue that the requested discovery is overly broad and extends beyond any information that may be required for a preliminary injunction hearing.

### III.     Legal Standard

Federal Rule of Civil Procedure 26 provides the courts with very broad discretion in the management of the discovery process.  See Fed. R. Civ. P. 26.  A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).  Fed. R. Civ. P. 26(f).  However, the court, upon motion, for the convenience of the parties and witnesses and in the interest of justice, may grant leave to conduct discovery prior to a conference amongst the parties.  Fed. R. Civ. P. 26(d).

Unlike most other discovery provisions within the Federal Rules, these provisions contain little guidance regarding the granting of expedited discovery.  Courts have generally employed one of two standards for determining the appropriateness of expedited discovery.  The first is the more formal analysis outlined in Notaro v. Koch, 95 F.R.D. 403 (S.D.N.Y. 1982).  The Notaro standard is very similar to a preliminary injunction analysis and looks more closely at the merits

of the requests.  The second is the reasonableness standard, which requires the party seeking the discovery to prove that the requests are reasonable under the circumstances.  <u>Entertainment Technology, Corp. v. Walt Disney Imagineering</u>, No. 03-3546, 2003 WL 22519440 at *3 (E.D.Pa. October 2, 2003); <u>Gucci America, Inc. v. Daffy's, Inc.</u>, No. 00-4463, WL 1720738 (D.N.J. Nov. 14, 2000); <u>Philadelphia Newspaper Corp. v. Gannett Satellite Information Network, Inc.</u>, No. 98-CV-27821, WL 404820 (E.D.Pa. July 15, 1998).

      A.    ***Notaro* Standard**

Under the <u>Notaro</u> standard the moving party must demonstrate "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted."  <u>Notaro</u>, 95 F.R.D. at 405.  The court reasoned that such stringent standards are appropriate to protect defendants at such an early stage of the litigation.  <u>Id</u>.  In <u>Gucci America, Inc. v. Daffy's Inc.</u>, 2000 WL 1720738,  the Court applied the <u>Notaro</u> standard in denying a request for expedited discovery because the request had a substantive element to it.  <u>Id</u>. at *6.  The Court believed that Gucci intended to use the information sought through discovery to root out certain Gucci distributors improperly selling their handbags or "knock-off" handbags  to defendant at discounted prices.  <u>Id</u>. at *5-6.  The Court also noted that being forced to reveal their distributor would greatly harm Daffy's interest and give Gucci the information they desired as the ultimate goal of the litigation.  The heightened standard was appropriate because of Gucci's questionable motives.  <u>Id</u>. at *6.

B.      **Reasonableness Standard**

The reasonableness standard is considerably more liberal than the Notaro standard and has evolved considerably recently.  Application of this standard depends on the actual circumstances of each case, as well as consideration of certain factors such as a pending preliminary injunction hearing, the need for the discovery and the breadth of the requests.  Entertainment Tech., Corp., 2003 WL 22519440 at *3 .  The Eastern District of Pennsylvania Court has noted that "expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings."  Philadelphia Newspaper Corp., 1998 WL 404820 at *2 (quoting Ellsworth Associates, Inc. v. United States, 917 F.Supp. 841, 844 (D.D.C. 1996)).  "Expedited discovery has been ordered where it would 'better enable the Court to judge the parties' interests and respective chances for success on the merits' at a preliminary injunction hearing."  Philadelphia Newspaper Corp., 1998 WL 404820 at *2(quoting Educata Corp. v. Scientific Computers, Inc., 599 F.Supp. 1084, 1088 (D.Minn. 1984), *aff'd* in part, *rev'd* in part on other grounds 746 F.2d 429 (8th Cir. 1985)).   If narrowly tailored to fit the needs of a preliminary injunction hearing, leave to conduct expedited discovery should be granted.  Entertainment Tech., Corp., 2003 WL 22519440 at *3.  Where the requests are overly broad and extend beyond the needs of the preliminary injunction, leave should be denied.  Id.

The court should examine the appropriateness of a request for expedited discovery by weighing the need for the discovery at that point in the litigation with the breadth of the discovery requests.  Id. (citing Merrill Lynch, Pierce Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618 (N.D.Ill. 2000)).  A number of courts have applied a "good cause" test similar to the inquiry made in Merrill Lynch and Philadelphia Newspaper.  See Semitool, Inc. v. Tokyo

Electron America, Inc., 208 F.R.D. 273, 275(N.D.Cal. 2002); see Merrill Lynch, Pierce Fenner & Smith, Inc., 194 F.R.D. at 624, and Philadelphia Newspaper, 1998 WL 404820 at *2.  This test weighs the need for expedited discovery by considering the overall administration of justice against the prejudice to the responding party.  Semitool, Inc., 208 F.R.D. at 276.  The factors considered include how far in advance of the formal start of discovery the request is made, whether the discovery are requests narrowly tailored, the purpose of the requested early discovery, whether the discovery burdens the defendants, and whether the defendants are able to respond to the requests in an expedited manner.  Id. at 276-78.

Building upon this precedent, in deciding a motion for expedited discovery, this Court should look at "'the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances,' unless the circumstances are such that the Notaro factors apply." Entertaiment Tech. Corp, 2003 WL 22819440 at *4 (quoting Merrill Lynch, 194 F.R.D. at 624).

IV.     **Applicable Standard**

Leave to conduct expedited discovery in this case is governed by the reasonableness standard.  A large part of the reasoning behind the court's heightened standard for expedited discovery in Notaro and the reason for the court's application of Notaro to Gucci was that the nonmoving party in both cases needed protection from the plaintiff's extraordinary discovery requests at such an early stage of the litigation.  Notaro, 95 F.R.D. at 405; Gucci, 2000 WL 1720738 at *6.  The protection of the court provided defendants with the time necessary to investigate the facts and circumstances surrounding the litigation without fear of incriminating themselves by turning over discovery at such an early stage of litigation.  See Notaro, 95 F.R.D.

6

at 405. Also, neither matter involved a pending preliminary injunction hearing.

In the instant case, defendants are not in need of the court's protection. First, Defendants have retained counsel and had more than four months from the date of service of the Complaint to the filing of this motion to review the facts of the case. See Entertaiment Tech. Corp, 2003 WL 22819440 at *4. Second, and more important, the parties have a long-standing relationship. Plaintiff has received a temporary restraining order, a preliminary injunction and one permanent injunction for trademark infringement against similar entities associated with Defendant John F. McDonald. Further, a representative of Plaintiff was involved in Defendants' bankruptcy reorganization hearing, where Defendants entered into a stipulation extending all prior injunctions. The extensive knowledge obtained through these prior dealings by both parties negates any need for protection from the court. Absent the need for heightened scrutiny and the Court's protection, the reasonableness standard should apply.

**V.**     **Discussion**

Plaintiff's request for leave is denied because Plaintiff's expedited discovery request is not reasonable at this time.

While Defendants' conduct, in light of the numerous steps taken by Plaintiff to insure the sanctity of its trademark and trade dress, is potentially egregious, the intimate knowledge that the parties have with one another weighs heavily against the granting of expedited discovery. The parties have dealt with one another for nearly ten years. Plaintiff has obtained a temporary restraining order, a preliminary injunction and a permanent injunction against entities allegedly owned, controlled or operated by Defendant McDonald for actions similar to those alleged in the pending Motion for Preliminary Injunction. The record to date extends well beyond the record

established thus far in this case to the point where much of the information requested may already be in Plaintiffs' or a prior counsel's possession.

Further, the Court is reluctant to burden Defendant with expedited discovery that may be nothing more than superfluous or secondary evidence in proving the elements necessary to obtain the preliminary injunction.[1] Many of the requests to produce, interrogatories and depositions are overly broad and extend well beyond those issues likely to arise in a preliminary injunction hearing. Plaintiff requests the deposition of Messrs. Zheng, McDonald, DuRose and Goldsmith, as well as the primary internet service providers and/or website hosts and possibly a representative from a search engine company. The court does not dispute the potential relevance of these depositions to the merits of the overall case. However, Plaintiff has not limited the scope of the questioning of these individuals to those matters specifically related to the determination of the preliminary injunction. Moreover, to the extent that Plaintiff seeks discovery from third parties at this early stage, the requests are overbroad. See Entertaiment Tech. Corp, 2003 WL 22819440 at *5 (citing Semitool, Inc., 208 F.R.D. at 277-78)).

Many of the discovery requests also go directly to the merits of Plaintiff's claims against Defendants. Plaintiff's supporting factual basis for its preliminary injunction is nearly identical to those allegations contained in its Complaint. The scope of the requested discovery and Defendants likely discovery in response would lead to the parties conducting nearly all discovery in an expedited fashion under the premise of preparing for a preliminary injunction hearing, which is not the purpose of expedited discovery. Finally, there is no pending preliminary

---

[1]While not commenting in anyway on the merits of Plaintiffs' right to a preliminary injunction, Plaintiffs' primary basis for the right to the preliminary objection is Defendants alleged violation of prior injunctions.

injunction hearing for which the parties need to prepare that would make expedited discovery necessary.

Given the overly broad scope of the requested depositions and written discovery, the knowledge the parties have of the other's prior actions and the lack of a pending preliminary injunction hearing, the request for leave must be denied.

## VI. Conclusion

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion for Expedited Discovery is DENIED.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**